UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN BAPTISTE ROLAND,

Petitioner,

v. Case No. 3:26-cv-2454-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Jean Baptiste Roland, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on September 18, 2026. See generally Petition. Roland, a citizen of Haiti, was temporarily detained at the border and paroled into the United States on March 3, 2024. See Get Most Recent I-94 (Doc. 7-2) at 1. On August 25, 2026, Immigration and Customs Enforcement (ICE) re-detained Roland following a traffic stop. Record of Deportable/Inadmissible Alien (Doc. 7-1) at 3. As relief, Roland seeks, inter alia, immediate release. Petition at 8.

Roland argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 7. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border,

whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Roland, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Roland was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Roland's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Roland an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2]

---

[1] Because the Court finds that Roland is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Roland is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate

If Respondents release Roland, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).